7979

ALLWORDEN v. NELSON.

Cities and Towns—Columbia.—That portion of Senate street included within the boundaries of the lands which the commissioners for the State, by the act of 1816, 6 Stat., 53, were authorized to convey to the trustees of the Columbia Academy, was included as a piece of land and not as a street.

Before Aldrich, J., Richland, June, 1911.    Affirmed.

Action by George V. Allworden against P. H. Nelson and the City of Columbia.    From Circuit decree defendants appeal.

Messrs W. S. Nelson and J. Team Gettys, for Nelson, appellant.

Mr. Christie Benet, for City of Columbia, appellant.

Messrs. W. M. Shand and H. N. Edmunds, contra.

July 24, 1911.    The opinion of the Court was delivered by

Mr. Justice Hydrick.    Plaintiff and defendant P. H. Nelson entered into a written contract for the sale of a lot in the city of Columbia.    Mr. Nelson wants to comply with the contract, but, having some doubt of plaintiff's title, he refused to do so, in order that the validity of the title might be adjudicated.    He bases his refusal to accept the title on the ground that the lot is a part of one of the streets of the city, which is, therefore, made a party that its right to claim the lot as part of one of its streets may also be adjudicated.

The issues of law and fact were referred to the master, who reported that plaintiff's title was good and recommended that he have judgment for specific performance.

From a decree of the Circuit Court confirming the master's report, both defendants have appealed.

As originally laid out, the city of Columbia consisted of a tract of land two miles square, with two principal streets, running through the center of the town at right angles, each being one hundred and fifty feet wide. One of these was Senate street. The title to the land and streets was vested in commissioners for the use of the State. 4 Stat. 751.

By an act of the legislature, passed in 1816, 6 Stat. 53, the commissioners were "authorized and required to convey to the Columbia Academy all the unsold lots and squares of land lying in the outer town of Columbia, east of Bull street, south of Senate street, west of Harden street, and north of Lower Boundary street; and also all such lots or squares as include the marsh north of Senate street and eastward of the town; and that the streets within the said limits be, and they are hereby, vested in the said trustees, who shall have power to dispose of the same, reserving always the right of way to such persons as now are, or hereafter may become, the owner of lots, squares, or portions of land within said limits."

The validity of plaintiff's title depends upon the proper construction of the language of the statute above quoted. It appears from the evidence that the lots lying north and south of Senate street were conveyed by the commissioners to the trustees of the Columbia Academy according to the directions of the act, and presumably, also, all that portion of Senate street lying between the lots so conveyed and east of Winn (now Gregg) street, including the lot in controversy, which fronts on Gregg street; and that the same has come by mesne conveyances to the plaintiff. The sole question for decision is whether the words "the streets within said limits" in the act above quoted include that part of Senate street lying between the lots north and south of it designated in the act. It is contended that the description of some of the lots to be conveyed as lying south of

24—89

Senate street, and others as lying north of that street, expresses, by implication at least, the intent to exclude the street lying between the lots so conveyed. The section, read as a whole, shows that such an inference was not intended. It is manifest that the method of description referred to was adopted merely because all the unsold lots and squares south of Senate street and east of Bull street were to be conveyed, while north of Senate street, the conveyance was to include only "all such lots or squares as include the marsh." But the fact that title to the streets within the limits described was to be conveyed and vested in the trustees with the power to dispose of the same shows clearly an intention that the land within the boundaries described was to be conveyed not as city lots, accessible to streets, but as an entire body of land, the only reservation being a right of way to such persons as were then or might thereafter become the owners of lots within said limits. No claim on the part of any such owner appears in this case. It follows, therefore, that the words "the streets within said limits" include all the streets within the boundaries covering the land conveyed as an entire tract, and the testimony shows that the lot in question was included in that boundary. This construction is strengthened by the construction given to the act and the conveyances thereunder by the parties interested. Because as far back as the memory of some of the oldest citizens of Columbia goes,—certainly as far back as 1852, at least a part of the land included in the description given in the statute, including the part of Senate street here in controversy, has been under fence and occupied as a farm, until the year 1901, when the plaintiff conveyed seventy-five feet of the southern half of what was formerly Senate street, east of Gregg street for a distance of 390 feet (together with other streets within the boundaries mentioned) to the city for a street. During all these years, no claim was made, so far as the evidence shows, by the

city or by any individual, that the lot in question was a part of Senate street.

The construction which we have placed upon the statute of 1816 makes it unnecessary to consider the contention of plaintiff that the city of Columbia. is now estopped from claiming the lot in question as a part of Senate street.

Judgment affirmed.